IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN J. KITMANYEN,

      **Plaintiff,**

      v.                                        CASE NO. 21-3161-SAC

MICHAEL A. JOHNSTON,
Commandant, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 28 U.S.C. § 1331. Plaintiff is incarcerated at the United States Disciplinary Barracks at Fort Leavenworth, Kansas ("USDB"). The Court granted Plaintiff leave to proceed in forma pauperis. On September 1, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until October 1, 2021, in which to show good cause why his Complaint should not be dismissed. The Court granted Plaintiff's motion for an extension of time and extended the deadline to November 1, 2021. Plaintiff has failed to respond by the Court's deadline.

In his Complaint, Plaintiff seeks transfer to one of the BOP FCI-Beaumont facilities and clemency compensation of one year. (Doc. 5, at 6.) Plaintiff also claims he is being denied appropriate medical care because he is being denied access to VA medical personnel. *Id.* at 5.

The Court found in the MOSC that Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007). Moreover, jail officials are

1

entitled to great deference in the internal operation and administration of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).

The Court also found that a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 106–07, (1976); *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983). The Court found that Plaintiff failed to allege what his medical needs are and therefore failed to show a sufficiently serious medical need. Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment. Plaintiff claims the medical care he received was "lack luster" but has failed to allege any specifics regarding the medical care he received or who provided it. Plaintiff has failed to show that any defendant was deliberately indifferent regarding his medical care.

The Court also found that Plaintiff's request to have clemency compensation of one year is not properly brought in a civil rights action. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner

seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice."  (Doc. 7, at 8.)  Plaintiff has failed to respond to the MOSC by the deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 3, 2021, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**